COMMONWEALTH vs. CLARKE FAIRBANKS.

The opinion of a witness who is not an expert, as to the sanity of one charged with crime is incompetent, although based upon his own knowledge of facts.

INDICTMENT charging the defendant with burning the dwelling-house of George Worcester. One ground of defence relied upon was insanity ; and James Nutting, a witness called by the defendant, after testifying to various facts tending to show that the defendant was insane, was asked his opinion upon the subject, based upon his knowledge of facts. It did not appear that the witness had any experience in the management and treatment of the insane, or any special knowledge of the causes and manifestations of insanity. The evidence was excluded, and, after a verdict of guilty, the defendant alleged exceptions.

*G. F. Verry*, for the defendant.

*Foster*, A. G., for the Commonwealth, was not called upon.

BY THE COURT. The question argued in this case is no longer open in this commonwealth. *Poole* v. *Richardson*, 3 Mass. 330. *Needham* v. *Ide*, 5 Pick. 510. *Commonwealth* v. *Wilson*, 1 Gray, 337. *Hubbell* v. *Bissell*, *ante*, 200. In *Baxter* v. *Abbott*, 7 Gray, 71, it was only held, by a decision not unanimous, that the opinion of a family physician as to the sanity of a testator might be introduced in evidence. But in general, where the jury have the facts in detail, they are as competent to form a correct judgment as the witness ; and the practical experience of those familiar with courts shows that the defence of insanity is one easy to be made, and favorably listened to by juries. The rule, therefore, should not be extended beyond the adjudicated cases. See also *Commonwealth* v. *Rich*, 14 Gray, 335.

*Exceptions overruled.*